IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


JOHNA DON BELL                                                              PLAINTIFF


v.                              Civil No. 2:23-cv-02116-TLB-MEF


CORRECTIONAL OFFICER
DYLAN ROSS;
JAIL ADMINISTRATOR JACOB SHOOK;
and JAILER CODY HORN
(All of Johnson County Detention Center)                        DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Indisputable Material Facts.  (ECF Nos. 24-26).

### I.       BACKGROUND

Plaintiff filed his Complaint on September 22, 2023.  (ECF No. 1).  On October 4, 2023, the Court entered an Order directing Plaintiff to submit an Amended Complaint to address deficiencies in his initial Complaint.  (ECF No. 6).  Plaintiff submitted his Amended Complaint on October 16, 2023.  (ECF No. 8).  Plaintiff's claims center on his incarceration in the Johnson County Detention Center.  (*Id.*).

For his first two claims, Plaintiff alleges that from June 12, 2023, through June 23, 2023, Defendants Ross and Horn denied him his medication.  (ECF No. 8 at 4, 6).  Plaintiff alleges that

he had three seizures and bit his tongue because of the denial of his medication. (*Id.*). He now alleges he "has no taste on the left side" of his tongue. (*Id.* at 5, 6). Plaintiff checked the section of the Complaint form to indicate he was proceeding against Defendants in their official and individual capacity; however, he merely repeated his individual capacity claims in the section where he was to state his official capacity claim. (*Id.* at 5, 7).

For his third claim, Plaintiff alleges that on July 10, 2023, all three Defendants retaliated against him for writing grievances and had him "locked up." (ECF No. 8 at 7). Plaintiff alleges he received a disciplinary because he had written grievances and was "locked up" for a 90-day sanction. (*Id.* at 8). He alleges he was not given a chance to defend himself. (*Id.*). Plaintiff proceeds against Defendants in their official and individual capacity, but again, he merely repeats his individual capacity claims in in the section where he was to state his official capacity claim. (*Id.*).

Plaintiff failed to indicate what relief he seeks in this case. Instead, he left that section of the form blank. (ECF No. 8 at 9).

Defendants filed their Motion for Summary Judgment on June 10, 2024. (ECF No. 24). They argue Plaintiff's denial of medical care claim fails for two reasons. First, they argue he has mistakenly sued two jailers and a jail administrator for denial of medical care instead of the contracted medical provider for the facility. (ECF No. 25 at 5). Employees of this medical provider saw Defendant and other inmates regularly during regular "sick calls" and prescribed and distributed medication daily during pill calls. Second, they argue Plaintiff cannot establish that he suffered any harm. To the contrary, Plaintiff conceded in his deposition that he has had dozens of seizures over the years. (*Id.* at 5). They further argue that Plaintiff has been incarcerated in the

facility on numerous occasions over the years, and he has always experienced seizures regardless of what medication or other treatment he has received.  (*Id*.).

Defendants also argue there was no retaliation against Defendant.  Defendants state they had no reason to retaliate against him because they had no knowledge of his medical requests.  (ECF No. 25 at 6).  Further, even if they did have knowledge of his medical requests, they state Plaintiff did not receive a disciplinary charge.  (*Id*.).  Instead, Jailers Horn and Johnson:

> temporarily moved Plaintiff Bell from a general population cell to a segregated cell after multiple inmates reported various aggressive and inappropriate actions by the Plaintiff (including threats and open masturbation during their video calls).  Some of those inmates were fearful of the Plaintiff while others appeared ready to fight him.   Based on those reports, it was necessary to move the Plaintiff to administrative segregation to keep things from getting out of hand.  This was not a punitive measure, but merely an attempt to prevent fighting and other chaos in general population.

(*Id*. 6-7).  Defendants also contend that had a disciplinary charge been filed against Plaintiff, the reports of his aggressive and antisocial behavior constituted "some evidence" that Plaintiff had violated facility rules.  (*Id*. at 7).

Defendants next argue Plaintiff failed to provide any proof of any unconstitutional policy or custom.  (ECF No. 25 at 8.).  Finally, they argue Defendants are entitled to qualified immunity.  (*Id*. at 3-4).

On June 21, 2024, the Court entered an Order directing Plaintiff to file his Summary Judgment Response by July 12, 2024.  (ECF No. 31).  In the Order, Plaintiff was advised that he must do more than merely repeat his claims.  He was also advised that he must submit a Separate Statement of Disputed Facts, clearly identifying which of Defendants' fact paragraphs he is disputing and explaining why he disputes that fact.  (*Id*.).  His Response was due on July 12, 2024.  (*Id*.).  When Plaintiff failed to file his Response, the Court entered a Show Cause Order on July 19, 2024.  (ECF No. 32).

Plaintiff filed his three-page Summary Judgment Response on July 29, 2024. (ECF No. 33). He repeats the allegation that he was denied medical attention. He states he received a written disciplinary, but he does not attach a copy or any other exhibits. He does not cite to any document in the summary judgment record. He emphasizes that Defendants did not address his Due Process claim concerning the disciplinary charge. (*Id*. at 1). He argues Defendants do not address the claim because "they know they are guilty." (*Id*. at 2). Plaintiff failed to submit a separate Statement of Disputed Facts as directed. Instead, in conclusory fashion, he states that "[t]he facts that were submitted into the evidence by the defendants support Plaintiff's claims that he was denied Due Process and his 8th Amed. Right to adequate medical treatment." (*Id*. at 3).

Defendants filed their Reply on August 2, 2024. (ECF No. 34). They note that Plaintiff not only failed to provide any rebuttal or response to their Statement of Facts, but he even states that these facts support his claims. (*Id*. at 1). They argue their facts should, therefore, be deemed admitted. (*Id*.). They note he failed to substantively respond to their arguments as well. Finally, they argue that the facts indicate that Plaintiff's movement from general population was administrative, not punitive, and thus does not give rise to a due process claim. (*Id*. at 3). They further argue that, even if the move had been punitive, evidence that he violated facility rules would doom such a claim. (*Id*.).

## II.    LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with

the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.    ANALYSIS

Local Rule 56.1(a) requires any party moving for summary judgment to submit a separate statement of undisputed material facts. Local Rule 56.1(b) requires the non-moving party opposing the summary judgment motion to file a separate statement of disputed facts. *Pro se* inmates are also advised of this requirement in the District's Prisoner Litigation Guide, which contains an example to help them understand the concept of using the same paragraph numbering as that used by the moving party in their own statement of disputed facts.

Due to Plaintiff's failure to do so, the Defendants' Statement of Facts is deemed admitted pursuant to Local Rule 56.1(c). Further, Plaintiff stated he agrees with Defendants Statement of Facts and thinks those facts support his claims. They do not.

In determining whether there are genuine disputes of material fact, however, the Court has also considered the allegations set forth in Plaintiff's verified Amended Complaint. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001). "[A] complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint," and the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion. *Id.* The Court will, therefore, "piece[] together [Plaintiff's] version of the facts from the verified complaint . . .." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016).

Here, Plaintiff's unsupported allegations are insufficient to overcome Defendants' Statement of Facts and the objective evidence they submitted. His allegations are contradicted by the summary judgment record – including his own deposition testimony – such that no jury could believe them. Thus, there are no material facts in dispute, and Defendants are entitled to summary judgment as a matter of law.

## IV.    CONCLUSION

Accordingly, it is recommended that Defendants' Motion for Summary Judgment (ECF No. 24) be GRANTED, and Plaintiff's Amended Complaint (ECF No. 8) be DISMISSED WITH PREJUDICE.

Referral Status: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of November 2024.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE